**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL MARQUEZ, | ) | No. C 06-0475 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS** |
| v. | ) | |
| | ) | |
| DAVID RUNNELS, | ) | **(Docket No. 4)** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On January 25, 2006, petitioner, a California prisoner proceeding pro se, filed the
above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After
reviewing the petition, the Court ordered respondent to file an answer showing cause why the
petition should not be granted based on petitioner's cognizable claims, or alternatively to file
a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to
Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").  Respondent chose the latter
course, and has filed a motion to dismiss the petition as untimely.  Although given an
opportunity to do so, petitioner has not filed an opposition to respondent's motion.

**BACKGROUND**

On April 16, 2001, petitioner was sentenced to a term of 12 years in state prison,
following his guilty plea in Santa Cruz County Superior Court to four counts of assault with a
deadly weapon.  He did not file a direct appeal.  On June 1, 2001, he filed a petition for a writ
of habeas corpus in Santa Cruz County Superior Court, which petition was denied on July 6,

1    2001.  He did not seek review of that denial, nor did he file an original habeas petition in the

2    California Court of Appeal.  On November 22, 2004, he filed a habeas petition in the

3    California Supreme Court, which petition was denied on October 12, 2005.

**DISCUSSION**

5    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law

6    on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a

7    writ of habeas corpus filed by state prisoners.  Under AEDPA, petitions filed by prisoners

8    challenging non-capital state convictions or sentences must be filed within one year from

9    "the date on which the judgment became final by conclusion of direct review or the

10   expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[1]

11   Where, as here, a petitioner does not seek direct review in the state court of appeals or

12   the state supreme court, the limitation period will begin running the day after the date on

13   which the time to seek such review expires, see Smith v. Duncan, 297 F.3d 809, 812-13 (9th

14   Cir. 2002), which, in California, is 60 days after the entry of judgment, see Cal. Rule of

15   Court 31(a).  In the instant case, judgment was entered on April 16, 2001, and thus the time

16   for seeking direct review in the California Supreme Court expired on June 15, 2001.  As a

17   result, the limitation period commenced on June 16, 2001, and expired on July 16, 2002.  As

18   noted, the petition was filed in federal court on January 25, 2006, approximately three and a

19   half years later.  Consequently, absent tolling, the instant petition is untimely.

20   The one-year limitation period is tolled for the "time during which a properly filed

21   application for State post-conviction or other collateral review with respect to the pertinent

22   judgment or claim is pending."  See 28 U.S.C. § 2244(d)(2).  In the instant case, petitioner

23   filed his first state habeas petition on June 1, 2001, in the Santa Cruz County Superior Court,

24   and it was denied on July 6, 2001.  Although that petition was filed June 16, 2001, prior to

25   the commencement of the limitation period, it was still pending when the limitation period

26   began, and, consequently, it served to toll the limitation period until July 6, 2001, the date it

27

28   [1]In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    was denied.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding state habeas

2    petition filed before AEDPA's statute of limitations begins tolls limitation period).  Petitioner

3    filed his next, and only other, state habeas petition more than three years later, on

4    November 22, 2004, in the California Supreme Court.  As the one-year statute of limitations

5    already had expired on July 6, 2002, over two years earlier, said state habeas petition did not

6    toll the limitations period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

7    ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended

8    before the state petition was filed."); Jiminez, 276 F.3d at 482 (same).

9        Although, in some circumstances, tolling is available during the interstitial period

10   between state habeas petitions, see Carey v. Saffold, 536 U.S. 214, 220 (2002), such tolling is

11   not available here.  The Supreme Court has limited such tolling to instances in which the

12   petitioner filed the successive state habeas petition "within what California would consider a

13   reasonable time."  Evans v. Chavis, 126 S. Ct. 846, 852 (2006).  In Chavis, the Supreme

14   Court found a six-month delay between the denial of a habeas petition in the California Court

15   of Appeal and the filing of a new habeas petition in the California Supreme Court to be

16   unreasonable and, consequently, held tolling was not available during that period.  Id. at 853.

17   Consistent therewith, the Ninth Circuit has denied "gap tolling" during periods of ten, fifteen

18   and eighteen months between California habeas petitions.  Gaston v. Palmer, 447 F.3d 1163,

19   1167 (9th Cir. 2006).  Accordingly, petitioner is not entitled to tolling during a period of

20   delay constituting more than three years.[2]

21       In sum, the instant petition was filed more than three years after the AEDPA statute of

22   limitations had expired.  Although the limitation period was tolled briefly during the

23   pendency of petitioner's first state habeas petition, such tolling was not of sufficient length to

24   render the instant petition timely.  Accordingly, the petition will be dismissed.

25   ///

26   ///

27

28       [2]Petitioner does not assert he is entitled to equitable tolling, and no ground for such tolling is
     apparent from the papers filed herein.

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4